UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:19CV121-GCM

| | |
|---|---|
| **ROSE KEENER,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**ANDREW SAUL, Commissioner of Social** )<br>**Security,** )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

    **I.**    **Administrative History**

Plaintiff filed an application for Disability Insurance benefits alleging a disability onset date of August 1, 2014. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

1

## II. FACTUAL BACKGROUND

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 26). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine with spondylosis, arthritis, diabetes mellitus and obesity. (*Id.*). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 27).

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except with the following limitations: she can occasionally push and pull, use foot controls with her left non-dominant lower extremity, and climb ramps and stairs, but cannot climb ladders, ropes, and scaffolds; frequent balancing and needing to use a hand held assistive device to ambulate on level and uneven surfaces; and occasional stooping, kneeling, and crouching, but never crawling. She must have the option to sit and stand, meaning the ability to sit for 15 minutes after standing or walking for 15 minutes while remaining on task; can have no exposure to unprotected heights, moving mechanical parts or hazardous work settings; and would be off task 10% of the workday in addition to normal work breaks due to pain and the effects of medication. (Tr. 28).

At the fourth step, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 32). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as toll

collector, ticket seller, and information clerk. (Tr. 33). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 34).

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## IV. Discussion

Plaintiff raises three challenges to the ALJ's decision: (1) the ALJ failed to properly evaluate Plaintiff's fibromyalgia; (2) the ALJ failed to explain his basis for finding that the Plaintiff could be off task only 10% of the workday; and (3) the ALJ failed to specify how Dr. Osbahr's opinion was inconsistent with the longitudinal medical history.

In his decision, the ALJ recognized that "[t]here is objective evidence in the medical record of diagnosis for fibromyalgia," but summarily concluded that such impairment was "not severe." (Tr. 26). While acknowledging that Dr. Caldwell, a Rheumatologist, reported examination findings of "diffuse soft tissue tenderness including 18/18 fibromyalgia tender points,"[1] the ALJ nevertheless found that "there is no objective medical evidence or laboratory

---

[1] Dr. Caldwell's diagnoses expressly included "fibromyalgia – M79.7." (Tr. 357).

3

findings" to establish that Keener's fibromyalgia was a severe impairment. (Tr. 26-27).

The Social Security Administration promulgated SSR 12-2p, to provide guidance on how the SSA develops evidence in a case where the claimant's fibromyalgia is a medically determinable impairment and how it will evaluate this impairment in a disability claim. The ruling directs ALJs to consider fibromyalgia in the five-step sequential evaluation process and instructs them on how to develop evidence and assess the impairment in determining if it is disabling. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days." SSR 12-2p, 2012 WL 3104869, at *6. When determining whether a claimant can do any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider "widespread pain and other symptoms associated with FM" and to "be alert to the possibility that there may be exertion or nonexertional limitations (for example, postural or environmental) that erode a person's occupational base." *Id.* The ruling advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of the symptoms," "all the evidence in the case record will be considered." *Id.* at *5.

The ALJ did not conduct the evaluation set forth in SSR 12-2p, nor did he even recognize the requirements of SSR 12-2p, but instead the ALJ improperly relied upon an alleged lack of reported objective medical findings. In assessing whether Keener's fibromyalgia was a severe impairment, the ALJ only mentions the lack of "objective medical evidence or laboratory findings" as the basis of support for his finding of no severe impairment. (Tr. 27). In evaluating the effect of Kenner's fibromyalgia on her RFC, the ALJ's only focus was on the lack of

4

reported objective medical findings by Dr. Caldwell to support additional functional limitations.

The ALJ's focus on a lack of objective medical findings in determining the severity of Keener's fibromyalgia and its effects upon Keener's RFC was improper. "[O]bjective tests are of little relevance in determining [fibromyalgia's] existence or severity." *Barfield v. Colvin*, No. 4:15-CV-135-F, 2016 WL 4705672, at *5 (E.D.N.C. Aug. 19, 2016) (citations omitted). The record supports the existence of a severe impairment. Kenner made numerous visits to her doctors over the course of several years, underwent multiple diagnostic tests, and was prescribed numerous medications. The ALJ failed to sufficiently consider or discuss these hallmark symptoms of fibromyalgia when he evaluated the severity of Kenner's fibromyalgia. The ALJ has failed to provide an evaluation that would allow this Court to determine if the ALJ's ultimate disability determination is supported by substantial evidence because he failed to consider Plaintiff's fibromyalgia according to the criterion set forth in SSR 12-2p. *See Kim P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2056, 2019 WL 3413409, at *2 (July 29, 2019) ("without a clear understanding of the basis for the ALJ's finding of fibromyalgia as a severe impairment, and without the benefit of an RFC analysis that complied with the specific guidance of SSR 12-2p, this Court is unable to say whether the ALJ supported her findings with substantial evidence").

It is also unclear from the ALJ's decision whether he dismissed Plaintiff's diagnosis of fibromyalgia or whether he simply dismissed Plaintiff's allegations of symptoms related to fibromyalgia. *See Kinsey v. Berryhill*, No. 8:16-3682-BHH, 2018 WL 1443952, *5 (D. S.C. Mar. 22, 2018) (remanding because the ALJ inadequately explained his findings as to Plaintiff's fibromyalgia and his consideration of the evidence related thereto thus rendering the court unable to conduct a proper review based on the record). Although the ALJ found that

Keener's fibromyalgia was non-severe, the ALJ's finding at step two is ambiguous. It does not conclusively establish whether he found fibromyalgia to be a medically determinable impairment. *See id.* at *4. Because of such ambiguity in the ALJ's decision, further explanation is necessary before the Court can determine whether it is supported by substantial evidence. Accordingly, the Court remands for further administrative action. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(3) the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**; and

(4) the matter is hereby **REMANDED** for further consideration.

Signed: April 14, 2020

Graham C. Mullen
United States District Judge